FOURNET, Chief Justice
(dissenting).
The Supreme Court of Louisiana, by its decree in Southern Bell Telephone and Telegraph Company v. Louisiana Public Service Commission, 232 La. 446, 94 So.2d *72 431, rendered February 25, 1957, affirmed Order No. 6993 of the Louisiana Public Service Commission issued on June 30, 1956, the pertinent part of which provides ■“That Southern Bell Telephone and Telegraph Company shall reduce its annual gross intrastate operating revenues in the amount of $3,940,000,” such reduction to be accomplished by lowering all public telephone pay station rates from 10‡ to 5<f per call, and by subjecting all intrastate toll rates to a discount of 20% per call.[1]
The Commission, claiming that in complying with this order Southern Bell failed to make the 20% discount applicable to its portion of intrastate toll calls handled jointly with certain independent companies where such calls originated on a pre-paid basis, or terminated on a collect basis at stations of these independent companies, issued its order No. 8190 on August 8, 1960, directing the company to forthwith make the 20% refund representing the reduction on all such calls handled with the independent companies.
In my opinion, the trial judge properly decreed the nullity of this order and enjoined its enforcement, for Order No. 6993, upheld in our decision of February 25, 1957, is clear and explicit in requiring, as it does, only that the Southern Bell Telephone and Telegraph Company reduce “its annual gross intrastate operating revenues in the amount of $3,940,000,” and it is admitted by the Commission that the company did, in fact, reduce its annual gross intrastate operating revenues in excess of this amount. The remaining part of the order is only directive of the manner in which, or the method by which, this reduction was to be made, and the Commission, by its Order No. 8190, imposing new and additional reductions and refunds upon the company in further excess of this stipulated amount — that not only affects Southern Bell but the several independent companies involved that were neither mentioned in the Commission’s order No. 6993 nor made parties to the suit upholding that order, and, further, without following the rule prescribed by law (R.S. 45:1093-1096) for the establishment of joint rates— has clearly exceeded its authority.
I must, therefore, respectfully dissent.